UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | Bankruptcy No. 15 B 08079 |
| ) | Chapter 13 |
| JEFFERY S. HRUBEC, ) | Judge Donald R. Cassling |
| ) | |
| Debtor. ) | |

**MEMORANDUM OPINION**

To be assured of receiving payments under a Chapter 13 plan a creditor must hold an "allowed" claim.[1] For the creditor's claim to be allowed, the creditor (or the debtor on its behalf) must file a proof of claim. 11 U.S.C. § 502(a). Unsecured creditors have a window of ninety days following the first meeting of creditors in which to do this.[2] Fed. R. Bankr. P. 3002(c). By case law in this Circuit, secured creditors must file their proof of claim within that same window. *In re Pajian*, 785 F.3d 1161 (7th Cir. 2015).

But do these rules *prohibit* a Chapter 13 debtor from reaching an agreement with a secured creditor to pay that creditor through a plan even though the secured creditor has not filed a proof of claim? Glenn B. Stearns, the Chapter 13 Standing Trustee (the "Trustee"), has moved to dismiss the case of Jeffery S. Hrubec (the "Debtor") for failure to propose a confirmable plan, arguing that the following sentence from the Seventh Circuit's decision in *Pajian* prohibits confirmation of the Debtor's existing plan, because it proposes to pay a secured creditor who

---

[1] After a plan is confirmed, distributions must be made on allowed claims. Fed. R. Bankr. P. 3021; *see also* 11 U.S.C. § 502(a) (a claim is deemed allowed when a proof of claim is filed under 11 U.S.C. § 501). Moreover, a Chapter 13 plan can only be confirmed if it provides for treatment of each allowed secured claim. 11 U.S.C. § 1325(a)(5). Taken together, these propositions mean that if a creditor wants to ensure its participation in a Chapter 13 plan, then it *must* file a proof of claim.

[2] Debtors have an additional thirty days after that period in which to file a claim on a creditor's behalf. Fed. R. Bankr. P. 3004.

does not have a proof of claim on file: "A creditor must file a proof of claim in order to participate in Chapter 13 plan distributions." *Pajian*, 785 F.3d at 1163.

The Debtor argues that the cited quotation is dictum and that, under the actual holding of *Pajian*, considered in conjunction with the applicable statutes and rules, an agreement between a debtor and a secured creditor to pay that creditor in the plan is permissible.

For the reasons that follow, the Court agrees with the Debtor.

## I.     JURISDICTION AND PROCEDURE

The Court has jurisdiction to entertain this matter pursuant to 28 U.S.C. § 1334 and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. This matter concerns the confirmation of a plan under Chapter 13 and is therefore a core proceeding under 28 U.S.C. § 157(b)(2)(L). The issue "stems from the bankruptcy itself" and may constitutionally be decided by a bankruptcy court. *Stern v. Marshall*, 131 S.Ct. 2594, 2618 (2011).

## II.    BACKGROUND

The Debtor filed his Chapter 13 bankruptcy petition on March 6, 2015. In his Schedules, he listed a debt of $25,692 owed to First Bank & Trust. This debt is secured by a lien on the Debtor's 2013 Chevrolet Silverado. The claims bar date of June 30, 2015, passed without First Bank & Trust filing a proof of claim. The Debtor's plan, however, includes payments to First Bank & Trust on account of its secured debt.

Because First Bank & Trust never filed a proof of claim, the Trustee refused to recommend confirmation of the plan and is now moving to dismiss the Debtor's case, alleging unreasonable delay in proposing a confirmable plan. The Trustee bases his position upon the language in *Pajian* first quoted above: "A creditor must file a proof of claim in order to

participate in Chapter 13 plan distributions." 785 F.3d at 1163.

### III. DISCUSSION

The actual holding of *Pajian* addresses a narrow issue involving claims, not plans: "whether Rule 3002(c)'s deadline [for filing timely proofs of claim] applies to *all* creditors or merely *unsecured* ones." 785 F.3d at 1163. (emphasis in original). The court held that the deadline set forth in Rule 3002(c) applies to secured and unsecured creditors alike. As discussed below, nothing in *Pajian*, the Bankruptcy Code, or the Rules prevents a debtor from proposing treatment of a secured creditor's debt, whether or not that creditor has filed a proof of claim. Once the debtor has proposed a particular treatment of a secured creditor through the plan and given notice of that proposed treatment to the creditor, the burden then falls upon that creditor to object. If it fails to object, it will be bound by the plan's provisions under 11 U.S.C. § 1327.

The particular statement from *Pajian* quoted by the Trustee in his motion to dismiss -- "[a] creditor must file a proof of claim in order to participate in Chapter 13 plan distributions" -- was dictum. Its only significance to the *Pajian* decision was to emphasize that a secured creditor has a choice between payment under a plan and reliance on enforcement of its lien rights outside of bankruptcy:

> A creditor must file a proof of claim in order to participate in Chapter 13 plan distributions. But while all creditors—secured and unsecured—must file a proof of claim in order to receive distributions, a secured creditor who fails to do so can still enforce its lien through a foreclosure action, even after the debtor receives a discharge. See *In re Penrod*, 50 F.3d 459, 461-62 (7th Cir. 1995). *In other words, a secured creditor's lien is largely unaffected by the bankruptcy discharge, regardless of whether the creditor filed a proof of claim.*

*Id.* (internal citations omitted) (emphasis added).

Further proof that the cited quotation was dictum becomes apparent when one considers the policy considerations underlying the Court's decision. In *Pajian*, unlike the situation in this case, the debtor had objected to including the secured creditor's late-filed claim in his plan,

3

Case 15-08079    Doc 51    Filed 01/27/16    Entered 01/27/16 09:58:56    Desc Main
                           Document       Page 4 of 7

"arguing that it was barred from inclusion in his Chapter 13 plan because the [secured creditor] had missed the deadline imposed by Rule 3002(c)." *Id.* at 1162. As the *Pajian* court recognized, forcing an objecting debtor to include payments for disallowed claims in his plan would be grossly unfair and inefficient:

> Principles of sound judicial administration support this result. Requiring all creditors to file claims by the same date allows the debtor to craft and finalize a Chapter 13 plan without the concern that other creditors might swoop in at the last minute and upend a carefully constructed repayment schedule. If we held otherwise, secured creditors could wreak havoc on the ability of the debtor and the bankruptcy court to assemble and approve an effective plan. Each tardy filing from a secured creditor would likely require the debtor to file a modified plan, which would have to be served on all interested parties and considered by the court. All this would often lead to disruptive delays in plan confirmation hearings and would ultimately hinder the bankruptcy court's ability to manage its docket.

*Id.* at 1164.

By contrast, when, as here, the Debtor and First Bank & Trust agree in advance that the secured creditor's debt will be treated in the plan, notwithstanding the lack of a filed proof of claim, there is no risk that a tardy filing will compromise the timely confirmation of a viable plan or impede the efficient operation of the bankruptcy court. Nor will third parties or, in this case, the Trustee, be able to claim lack of notice because First Bank & Trust's secured debt was listed on the Debtor's schedules. This distinction was implicitly recognized by the *Pajian* court when it cited with approval[3] two bankruptcy decisions from outside this Circuit for the proposition that Bankruptcy Rule 3002(c) applies to secured creditors and unsecured creditors alike: *In re Dumain*, 492 B.R. 140 (Bankr. S.D.N.Y. 2013) and *In re Dennis*, 230 B.R. 244 (Bankr. D.N.J. 1999). Significantly for purposes of this case, both *Dennis* and *Dumain* nonetheless concluded that secured creditors are entitled to be paid through a confirmed plan, as proposed by a debtor, even when they have failed to file timely proofs of claim. In reaching that result, both decisions

---

[3] *Pajian*, 785 F.3d at 1163-64.

relied heavily upon the language in 11 U.S.C. § 1327(a): "The provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan." *Dumain*, 492 B.R. at 148-49; *Dennis*, 230 B.R. at 252.

The court in *Dennis* conducted a well-reasoned and thorough examination of several issues, including whether secured creditors are bound by the timing deadline set forth in Rule 3002(c), and held that they are. This same issue was decided by *Pajian*, which cited *Dennis* and its analysis with approval. But another issue analyzed by *Dennis* was the one that is the subject of the issue in this case: Is a debtor allowed to propose, confirm, and perform a plan that provides for payments to a secured creditor which has failed to timely file a proof of claim? This Court cannot improve upon the relevant analysis provided by the *Dennis* court and therefore sets it out with approval in full below:[4]

> Reading [11 U.S.C. §§ 101(5) and 502] and Rule 3002 together leads to the following conclusions. If a chapter 13 plan does not propose to modify a secured claim, then by virtue of Rule 3002(a) the secured creditor is not required to file a proof of claim and the lien will pass through bankruptcy unaffected. If, however, a plan does propose to modify a secured claim, by paying the secured creditor less than the creditor believes is due, the secured creditor who objects to such treatment must file a timely proof of claim and objection to confirmation or it will be bound by the plan under Code section 1327(a).
>
> Similarly, since Code section 1327(a) also binds the debtor, a debtor's proposal in a plan to pay a "cram down" amount to a secured creditor *is an admission by the debtor* that such creditor has an allowed secured claim to the extent provided by the plan. Confirmation of the plan allows the secured claim to

---

[4] The court in *Dumain* was in full accord with the analysis and holding of the *Dennis* decision, summarizing it as follows:

> The [*Dennis*] court noted that confirmation of a plan does allow the secured claim to the extent provided in the plan. Section 1327(a) makes the plan binding on all parties. A secured creditor need not file a proof of claim to receive distributions under the plan to the extent the plan provides for the creditor; it must only timely file a proof of claim to be entitled to distributions to any other extent.

*Dumain*, 492 B.R. at 146 (internal citations omitted).

such extent because all parties are bound by the confirmation under Code section 1327(a). The trustee then pays the secured creditor as provided by the plan pursuant to Code section 1326(a)(2) and Rule 3021.

> *To the extent that . . . other courts have held that a secured creditor must file a proof of claim even to receive the amount which a debtor's plan proposes to pay it, this court disagrees, because such holdings overlook the fact that confirmation binds the debtor under Code section 1327(a).* Moreover, in light of Rule 3002(a)'s omission of an explicit requirement that secured creditors must file proofs of claim, and the fact that the notice of the bar date states that proofs of claim must be filed to share in payment from the estate "except as otherwise provided by law," a serious due process issue would exist if secured creditors who choose not to file a proof of claim in reliance on a plan's terms could then be told after confirmation that they shall not receive the payment proposed in the plan. If debtors want that result, the plan and notice must explicitly state that the lien is to be cancelled, or words to that effect, and that the secured creditor shall receive no payment.

*Dennis*, 230 B.R. at 252-53 (internal citations omitted) (emphasis added).

Under the *Dennis* analysis, therefore, formulation of the plan in this case was in the Debtor's hands. He proposed a plan that included payment of the secured debt he owed to First Bank & Trust, even though First Bank & Trust never filed a proof of claim. Because First Bank & Trust apparently has no objection to its treatment under the proposed plan, its filing of a proof of claim was unnecessary and the filing deadline is therefore irrelevant. Both First Bank & Trust and the Debtor would be bound by the terms of the plan, once confirmed.

In summary, *Pajian* holds that secured creditors are bound by the deadline in Rule 3002(c). Therefore, if a secured creditor wants to ensure participation in a debtor's plan rather than rely on enforcement of its lien outside of bankruptcy, it must file a proof of claim in a timely manner. However, when a debtor voluntarily proposes a plan that includes payments to a secured creditor, and that creditor has no objection to its treatment under the proposed plan, there is no need for the creditor to file a proof of claim and the plan is not unconfirmable.

## IV. CONCLUSION

For the above reasons, nothing in the *Pajian* decision prevents confirmation of the Debtor's plan. Therefore, the Trustee's motion to dismiss is denied.

**ENTERED:**

DATE: January 27, 2016

**Donald R. Cassling**
**United States Bankruptcy Judge**